Honorable Eugene Prince Washington State Senator PO Box 40482 Olympia, WA 98504-0482
Dear Senator Prince:
By letter previously acknowledged, you have provided to this office a copy of a Cooperative Transit Funding Policy proposed by the Spokane Transit Authority and have requested an opinion on the following question.
Does the proposed Cooperative Transit Funding Policy constitute an authorized use of the funds of a public transportation benefit authority or other public transportation agencies where the proposed projects provide tangible and accountable public transit benefits for improving, enhancing or extending public transportation services, facilities, and other improvements even though made in the public right of way?
 BACKGROUND
We note certain background information that provides necessary context for your opinion request. This background relates to a prior opinion of the Attorney General and to the specific proposal that prompts your inquiry.
First, as your letter to us recognizes, AGO 1988 No. 20 concluded that a public transportation benefit area (PTBA) may not enter into agreements with cities and counties within its boundaries simply for the purpose of providing funds to be used for maintaining or improving public streets within the cities and counties. You suggest that AGO 1988 No. 20 does not resolve the question that you now pose. More specifically, you submit that AGO 1988 No. 20 considered only whether a PTBA has authority to contribute its funds for general maintenance or improvement of public streets, without regard to whether the improvements would provide a tangible and demonstrable benefit to PTBA services or facilities. Indeed, you note, as did AGO 1988 No. 20, that the proposal there considered would not have required an identifiable benefit to the public transit system, did not require the PTBA funds to be used for any particular street maintenance or improvement project, and would have allowed the PTBA funds to supplant rather than supplement general street maintenance funds of cities or counties.
Also part of the background for your opinion request are the terms of the proposal that you have provided to us. It appears to us that the proposal is intended to limit the PTBA to cooperatively funding projects that "enhance the efficiency and quality of public transportation service by providing tangible and accountable public transit benefits". See Cooperative Transit Funding Policy, ¶ 3. Your question also incorporates such a limitation. However, the proposed Cooperative Transit Funding policy that accompanies your inquiry identifies specific categories of projects that the Spokane Transit Authority apparently has determined will satisfy this limitation as a matter of fact.
 SHORT ANSWER
A Public Transportation Benefit Area has the authority to contract with cities or counties within the area served by the PTBA to cooperatively fund projects that "enhance the efficiency and quality of public transportation service by providing tangible and accountable public transit benefits", regardless of whether the projects involve public streets or roads. Whether any particular project or category of projects would satisfy this standard entails a factual inquiry beyond the scope of an Attorney General's Opinion.
 ANALYSIS
Our analysis begins with three preliminary matters. First, for reasons noted in the Background section of this opinion, we agree that AGO 1988 No. 20 does not address or dispose of the question that you ask. The question discussed there essentially was whether a PTBA could contribute to a city or county for general road and street maintenance, regardless of whether that activity provided any tangible benefit to public transportation service.
Second, an Attorney General's Opinion is not well-suited to making fact-dependent assessments, such as whether particular categories of projects would satisfy funding criteria. Thus, this opinion should not be taken as sanctioning any specific project or category of projects identified in the proposed policy that you provided to us. Instead, this opinion provides general guidance regarding the authority of a PTBA.
Finally, your question is framed to include "other public transportation agencies." The authority of any agency created by the Legislature depends on the terms of the specific statutes that create and govern it. As it is not clear what "other public transportation agencies" you may have in mind, a response to this question would require more specific information.
A PTBA is a municipal corporation. RCW 36.57A.010. The powers of a municipal corporation are limited to those necessarily or fairly implied in or incident to powers expressly granted by statute, and to those essential to the declared objects and purposes of the corporation. Hite v. Pub. Util. Dist. 2, 112 Wn.2d 456, 458-59,772 P.2d 481 (1989). Nevertheless, a "municipal corporation's powers are construed differently depending on whether they are governmental or proprietary". Id. at 459; Tacoma v. Taxpayers,108 Wn.2d 679, 693-94, 743 P.2d 793 (1987). The courts broadly construe the means that a municipal corporation may use in conducting a proprietary function. "[W]hen the Legislature authorizes a municipality to engage in a business, `[it] may exercise its business powers very much in the same way as a private individual . . .'" Id. at 694 (quoting PUD 1 v. Town ofNewport, 38 Wn.2d 221, 227, 228 P.2d 766 (1951)).
In Municipality of Metropolitan Seattle v. Division 587,Amalgamated Transit Union, 118 Wn.2d 639, 645, 826 P.2d 167
(1992), the court concluded that operating a transit system is proprietary in nature. The court then recognized that "[a]ctions taken pursuant to a proprietary function are authorized unless they are beyond the purposes of the statute, or contrary to an express statutory or constitutional provision." The court also noted that "the power to enter [into] contracts is very broad when a municipal corporation is engaged in business activity." Id. at 646.
These principles dictate that insofar as its performance of proprietary functions is concerned, the statutory powers of a PTBA are to be broadly construed. The court in the Metro case quoted with approval the following passage from Tacoma v. Taxpayers:
 Thus, if municipal utility actions come within the purpose and object of the enabling statute and no express limitations apply, this court leaves the choice of means used in operating the utility to the discretion of municipal authorities. We limit judicial review of municipal utility choices to whether the particular contract or action was arbitrary or capricious or unreasonable."
Tacoma v. Taxpayers, 108 Wn.2d at 695. (Citations omitted.)
Under RCW 36.57A.020, the purpose of a PTBA is to provide public transportation services within a designated area. Public transportation service includes the transportation of packages and people, together with facilities that provide passenger and vehicular access to people moving systems. RCW 36.57A.010(8). In addition to powers specifically enumerated in chapter 36.57A RCW, the Legislature has granted a PTBA "all powers which are necessary to carry out the purposes of the public transportation benefit area". RCW 36.57A.080. A PTBA also has specific authority to construct, add to, improve, maintain and repair transportation facilities and properties, and lands, properties and rights of way necessary for such facilities. RCW 36.57A.090(2).
Under governing legal principles, when a municipal corporation is acting in a proprietary capacity, it "is implicitly authorized to make all contracts and to engage in any undertaking which is necessary to render the system efficient and beneficial to the public." Hite, 112 Wn.2d at 460, quoting with approval from PugetSound Power Light Co. v. Pub. Util. Dist. 1, 17 Wn. App. 861,864, 565 P.2d 1221 (1977). The standard proposed in your inquiry for cooperative transit funding is one designed to ensure a tangible benefit to the system and the public that it serves and thus, satisfies the above principle. In light of the statutes establishing the authority of PTBAs, we believe it is consistent with the statutory purposes and within the statutory power of a PTBA to enter into contracts with cities or counties in the area served by the PTBA to cooperatively fund projects that "enhance the efficiency and quality of public transportation service by providing tangible and accountable public transit benefits". See, Cooperative Transit Funding Policy, ¶ 3. Beyond this general observation however, we cannot speculate which projects would meet this standard.
We trust that this opinion will be of assistance to you.
Very truly yours,
CHRISTINE O. GREGOIRE Attorney General
MAUREEN HART Sr. Assistant Attorney General
MAH/bw